# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs)  No. 15-0469** (Morgan County 13-F-76)

**William P.,**
**Defendant Below, Petitioner**

**FILED**

**June 21, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner William P., by counsel Jason D. Parmer, appeals the Circuit Court of Morgan County's April 14, 2015, order sentencing him to a cumulative term of 95 to 260 years in prison for thirteen counts of sex-related crimes against a child.[1] Respondent State of West Virginia, by counsel Jonathan E. Porter, filed a response in support of the circuit court's order. Petitioner filed a reply. On appeal, petitioner argues that the circuit court (1) erred in failing to hold an evidentiary hearing to determine the veracity of the child's reported claims that her stepbrother sexually assault her, and (2) violated petitioner's constitutional right to confront his accuser by preventing him from cross-examining the child on her reported allegations against her stepbrother.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

In April of 2013, due to allegations that petitioner sexually assaulted his then fourteen-year-old stepdaughter (hereinafter "the child"), the child was interviewed by Dr. Christi Cooper-Lehki, a forensic child psychologist. In that lengthy interview, the child relayed her account of years of sexual assaults and abuses by petitioner. At the end of the lengthy interview, Dr. Cooper-Lehki asked the child if anyone else had "ever done anything sexual like this" to her. The child "([n]odded negatively)[.]" Dr. Cooper-Lehki confirmed the child's response: "Nobody ever that you remember at all?" The child answered, "[n]o."

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

In September of 2013, petitioner was indicted on seventeen counts of sex-related offenses committed against the child (five counts of first-degree sexual abuse; two counts of second-degree sexual assault; seven counts of sexual abuse by a custodian; and three counts of incest). In October of 2013, a sheriff's deputy prepared a "complaint report" regarding allegations that the child's stepbrother sexually assaulted her from 2010 until 2013 by touching her under her clothing. In that report, the officer noted that the child's mother made the complaint and stated that the child disclosed the assault to her. The officer did not indicate in the report whether he spoke directly to the child, but he noted that he scheduled the child for a forensic interview at a child advocacy center.[2]

In November of 2013, the officer followed up with the child's mother and prepared a supplement to the October of 2013 complaint report. According to the supplement, the child's mother provided more detail to the officer about the circumstances of the child's disclosure and the alleged sexual abuse, such as the location in which the child told her mother of the abuse and that the stepbrother reportedly touched the child under her pants.

In December of 2013, Dr. Cooper-Lehki attempted to evaluate and interview the child, but reported that the child was unable or unwilling to complete the evaluation. In May of 2014, the State filed a motion in limine to prohibit petitioner from introducing any evidence of the child's reported claims against her stepbrother (hereinafter "the stepbrother evidence") under West Virginia's rape shield law.

In September of 2014, the circuit court held a pretrial hearing. At that time, the circuit court heard proffers and arguments on the State's motion in limine. Petitioner argued that, during her forensic interview in April of 2013, the child denied sexual assault by anyone other than petitioner but that this was inconsistent with subsequent allegations against her stepbrother. Due to this inconsistency, petitioner asserted that he was entitled to cross-examine the child on the stepbrother evidence under this Court's holding in *State v. Quinn*, 200 W.Va. 432, 490 S.E.2d 34 (1997) (holding that evidence of victim's allegations of sexual assault by person other than defendant is within scope of rape shield law unless allegations are proven to be false). In response, the State argued that (1) the allegations of sexual abuse by the stepbrother were brought forward by the child's mother because the child would not make a statement about those alleged claims; (2) even if the child made those claims, the rape shield law prevents those claims from being pursued at trial under *Quinn* because petitioner could not prove that they were false; and (3) *Quinn* protects victims from testifying about other sexual conduct even outside of the jury's presence where, as here, a proffer by counsel will suffice for the circuit court's ruling. Following those proffers and arguments, the circuit court ruled that the child would not testify at that hearing and that the State's motion in limine to prohibit the stepbrother evidence was granted.

The circuit court held a three-day jury trial in late September of 2014. At trial, the child testified that petitioner touched her in a sexual manner; forced her to engage in oral sex; and attempted to force her to engage in vaginal sexual intercourse. When the State rested its case-in-

---

[2]It appears from the record on appeal that the stepbrother was investigated by law enforcement but never charged with a crime in relation to the victim's reported allegations.

chief, petitioner renewed his motion to present evidence of the child's alleged claims of sexual assault by her stepbrother. The circuit court denied the renewed motion. At the conclusion of its deliberations, the jury found petitioner not guilty on two counts (one count of first-degree sexual assault and one count of sexual abuse by a custodian) and guilty on the remaining fifteen counts, which was later reduced to thirteen counts during post-trial proceedings. At sentencing, the circuit court imposed the maximum cumulative term of 95 to 260 years in prison. This appeal followed.

On appeal, petitioner first argues that the circuit court erred in failing to hold an evidentiary hearing on the veracity and admissibility of the child's reported claims against her stepbrother. Rule 412(c) of the West Virginia Rules of Evidence provides that, upon a proper motion to admit evidence of a victim's other sexual behavior, circuit courts "must conduct an in camera hearing and give the victim and parties a right to attend and be heard."[3] Further, this Court has held as follows:

> Evidence that the alleged victim of a sexual offense has made statements about being the victim of sexual misconduct, other than the statements that the alleged victim has made about the defendant and that are at issue in the state's case against the defendant, is evidence of the alleged victim's "sexual conduct" and is within the scope of West Virginia's rape shield law, W[est] V[irginia] Code [§] 61-8B-11 [1986] and West Virginia Rules of Evidence 404(a)(3) [1994], unless the defendant establishes to the satisfaction of the trial judge outside of the presence of the jury that there is a strong probability that the alleged victim's other statements are false.
>
> Requiring strong and substantial proof of the actual falsity of an alleged victim's other statements is necessary to reasonably minimize the possibility that

---

[3]Rule 412(c) of the Rules of Evidence provides as follows:

(1) Motion. If a party intends to offer evidence under Rule 412(b) [that lists limited exceptions to the general prohibition of evidence of a victim's other sexual behavior], the party must:

(A) file a motion that specifically describes the evidence and states the purpose for which it is to be offered;

(B) do so at least 14 days before trial unless the court, for good cause, sets a different time;

(C) serve the motion on all parties; and

(D) notify the victim or, when appropriate, the victim's guardian or representative.

evidence which is within the scope of our rape shield law, W[est] V[irginia] Code [§] 61-8B-11 [1986] and West Virginia Rules of Evidence 404(a)(3) [1994], is not erroneously considered outside of its scope.

*Quinn*, 200 W.Va. at 433-34, 490 S.E.2d at 35-36, syl. pts. 1 and 2. Therefore, if a circuit court finds that a victim's claims of sexual misconduct by an individual other than the criminal defendant are false, those claims are generally not protected by West Virginia's rape shield statute.[4]

In this case, contrary to petitioner's assertion that the circuit court failed to hold a hearing on the admissibility of the stepbrother evidence, it is clear from the record on appeal that the circuit court held such a hearing in September of 2014. At that hearing, following the parties' proffers and arguments on the stepbrother evidence, the circuit court found that the child did not need to testify at that hearing and that the evidence was inadmissible under *Quinn*. While petitioner appears to make a distinction between the hearing held by the circuit court and an *evidentiary* hearing at which the child would have testified, petitioner fails to cite any authority that requires a victim in a sex-crime case to testify prior to a circuit court ruling on the admissibility of this type of evidence. This Court has held that

> [a] defendant who wishes to cross-examine an alleged victim of a sexual offense about or otherwise introduce evidence about other statements that the alleged victim has made about being the victim of sexual misconduct must initially present evidence regarding the statements to the court out of the presence of the jury and with fair notice to the prosecution, *which presentation may in the court's discretion be limited to proffer, affidavit, or other method that properly protects both the rights of the defendant and the alleged victim and effectuates the purpose of our rape shield law*, W[est] V[irginia] Code [§] 61-8B-11 [1986] and West Virginia Rules of Evidence 404(a)(3) [1994].

*Quinn*, 200 W.Va. at 433, 490 S.E.2d at 35, syl. pt. 3 (emphasis added). Further, petitioner's reliance on the hearing requirement in Rule 412(c)(2) is misplaced given his failure to comply with Rule 412(c)(1), which requires a party to file a motion to admit the contested evidence

---

[4]West Virginia Code § 61-8B-11 (West Virginia's rape shield statute) provides that

> [i]n any prosecution under this article[,] evidence of specific instances of the victim's sexual conduct with persons other than the defendant, opinion evidence of the victim's sexual conduct and reputation evidence of the victim's sexual conduct shall not be admissible: Provided, That such evidence shall be admissible solely for the purpose of impeaching credibility, if the victim first makes his or her previous sexual conduct an issue in the trial by introducing evidence with respect thereto.

4

before a hearing is required under Rule 412(c)(2). Given the circumstances of this case, we find no merit to petitioner's first assignment of error.[5]

Petitioner's second assignment of error is that the circuit court violated his constitutional right to confront his accuser by preventing him from cross-examining the child on the stepbrother evidence. In *State v. Green*, 163 W.Va. 681, 687, 260 S.E.2d 257, 261 (1979), this Court held that West Virginia's rape shield statute is constitutional because "[a] rape victim's previous sexual conduct with other persons has very little probative value about her consent to intercourse with a particular person at a particular time. That portion of the law which prohibits such evidence is constitutional." As noted above, West Virginia's rape shield law prohibits the admission of evidence of a victim's statements regarding sexual misconduct by persons other than the criminal defendant unless those statements are proven by strong and substantial proof to be false. *See Quinn*, 200 W.Va. at 433-34, 490 S.E.2d at 35-36, syl. pts. 1 and 2.

Following a thorough examination of the parties' arguments and the record on appeal, we find that petitioner failed to prove by strong and substantial proof that the child made false statements, or any statements at all, about her stepbrother. The only statement in the record on appeal about the stepbrother's alleged sexual assault came from the child's mother, not the child; indeed, the child declined to give a statement about those allegations to her psychologist and does not appear to have given a statement to law enforcement officers. Moreover, assuming the child made those claims against her stepbrother, petitioner notes only an inconsistency between those claims and her statement in the forensic interview in April of 2013 that no one other than petitioner had sexually assaulted her. Such an inconsistency alone is not strong and substantial proof that the claims about the stepbrother are false. There is simply insufficient evidence in the record to find error in the circuit court's ruling that the rape shield law prohibits the admission of the stepbrother evidence. Therefore, based on the record before us, we find no error in the circuit court's ruling that petitioner was prohibited from cross-examining the child about the stepbrother evidence.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** June 21, 2016

**CONCURRED IN BY:**

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II

---

[5]To the extent petitioner argues that Rule 412 conflicts with our holding in *Quinn*, we decline to address the issue because we have determined that petitioner's argument on this ground is without merit.